# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| KERRY RICHARDS, | No. 4:18-CV-01909 |
| Plaintiff, | (Judge Brann) |
| v. | |
| THE PENNSYLVANIA STATE UNIVERSITY, | |
| Defendant. | |

## MEMORANDUM OPINION

### FEBRUARY 26, 2019

The Pennsylvania State University ("Penn State") moved to dismiss the Amended Complaint filed by Dr. Kerry Richards. For the following reasons, that motion will be granted in part and denied in part.

**I.  BACKGROUND[1]**

Penn State employed Dr. Richards as the Director of the Pesticide Safety Education Program in Penn State's College of Agriculture. In her Amended Complaint, Dr. Richards explains that she was placed on unpaid administrative leave and ultimately terminated after Penn State conducted an internal audit. She alleges that Penn State initiated the audit process because a disgruntled former

---

[1]  Unless otherwise noted, the relevant facts are derived from Dr. Richards's Amended Complaint, ECF No. 10.

subordinate reported Dr. Richards for committing alleged policy violations after Dr. Richards attempted to address concerns with that subordinate's poor job performance. Dr. Richards explains that her efforts to reprimand that subordinate were the same efforts used by two previous directors of the Pesticide Safety Education Program—both of whom were male—and consequently, Penn State penalized her for alleged violations that her predecessors committed with impunity.

Dr. Richards sent a letter to Penn State claiming that parts of the audit process violated university policy. In this letter, she states her intention to file a formal grievance with Penn State's Office of Affirmative Action to report certain actions that were "discriminatory and harassing."[2] Six weeks after sending this letter, Dr. Richards states that she was terminated for "non-compliance with policies."[3] At the time of her firing, Dr. Richards was 55 years old and had been employed by Penn State for nearly 27 years.

Dr. Richards's Amended Complaint also alleges other generalized grievances of gender and age discrimination. She alleges that during her employment, she was made to serve as interim director for two years while her male predecessors were instantly promoted to director; that she was denied the same faculty status as her two male predecessors; and that she was held to a higher standard than her male colleagues. She also alleges that Penn State targeted older

---

[2] Exhibit C (ECF 10-1) at 3.

[3] Amended Complaint (ECF No. 10) at ¶ 13.

employees to be terminated, and that other younger employees who violated policies were not reprimanded or terminated.

Dr. Richards's Amended Complaint[4] alleges four claims: age discrimination under the Age Discrimination in Employment Act (ADEA), Title VII of the Civil Rights Act of 1964 (Title VII), and the Pennsylvania Human Relations Act (PHRA) (Count I); unspecified violations of the Pennsylvania Human Relations Act (Count II); gender discrimination under Title VII (Count III); and retaliation under Title VII (Count IV). Penn State has moved to dismiss Count II of Dr. Richards's complaint pursuant to Federal Rule of Civil Procedure 12(b)(1), arguing that Dr. Richards failed to timely exhaust administrative remedies, and has moved to dismiss Counts I, II, and IV pursuant to Federal Rule of Civil Procedure 12(b)(6), arguing that Dr. Richards failed to state a claim upon which relief can be granted.[5]

---

[4] After Dr. Richards filed her complaint, Penn State moved for dismissal pursuant to Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6). *See* Motion to Dismiss (ECF No. 9). Dr. Richards subsequently amended her complaint as a matter of course before Penn State's motion to dismiss became ripe. Accordingly, Penn State's first motion to dismiss, ECF No. 9, will be denied as moot.

[5] Motion to Dismiss Amended Complaint (ECF No. 12).

## II. DISCUSSION

### A. Standard of Review

When considering a motion to dismiss for failure to state a claim upon which relief may be granted,[6] a court assumes the truth of all factual allegations in the plaintiff's complaint and draws all inferences in favor of that party;[7] the court does not, however, assume the truth of any of the complaint's legal conclusions.[8] If a complaint's factual allegations, so treated, state a claim that is plausible—*i.e.*, if they allow the court to infer the defendant's liability—the motion is denied; if they fail to do so, the motion is granted.[9]

### B. Dr. Richards's PHRA Claims Are Time-Barred.

Before seeking judicial relief under the PHRA, Dr. Richards must timely exhaust administrative remedies.[10] Under the PHRA, an administrative complaint must be brought within 180 days of the alleged act of discrimination.[11] Here, Dr. Richards concedes that her administrative complaint was filed 182 days after her termination.[12] Accordingly, Count II of Dr. Richards's complaint is dismissed with

---

[6] Federal Rule of Civil Procedure 12(b)(6).

[7] *Phillips v. County Of Allegheny*, 515 F.3d 224, 228 (3d Cir. 2008).

[8] *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

[9] *Id. See also Connelly v. Lane Const. Corp.*, 809 F.3d 780, 786 (3d Cir. 2016).

[10] *Mandel v. M&Q Packaging Corp.*, 706 F.3d 157, 163 (3d Cir. 2013).

[11] 43 P.S. § 959(h).

[12] Brief in Opposition (ECF No. 17) at 5-6.

prejudice. Count I is also dismissed with prejudice to the extent that count is based on a PHRA violation.

### C. Dr. Richards Will be Granted Leave to Amend Her ADEA Claim.

To establish an age discrimination claim under the ADEA, Dr. Richards must allege that (1) she is forty years of age or older; (2) that Penn State took an adverse employment action against her; (3) that she was qualified for the position in question; and (4) that she was ultimately replaced by another employee "who was sufficiently younger to support an inference of discriminatory animus."[13]

Dr. Richards's Amended Complaint does not allege facts that a "significantly younger" individual replaced her after she was terminated. Although the Court is cognizant that Dr. Richards has already twice attempted to properly state an age discrimination claim, I cannot conclude that providing Dr. Richards with one, final opportunity to plead her age discrimination claim via a curative amendment would be inequitable or futile.[14] Accordingly, Dr. Richards's ADEA claim, Count I, is dismissed without prejudice to her filing an amended complaint to remedy this deficiency within fourteen days.

### D. Dr. Richards Has Failed to State a Title VII Retaliation Claim.

To establish a retaliation claim under Title VII, Dr. Richards must show that (1) she engaged in a protected activity under Title VII; (2) that Penn State took an

---

[13] *Smith v. City of Allentown,* 589 F.3d 684, 689 (3d Cir. 2009) (citations omitted).

[14] *Phillips v. County of Allegheny*, 515 F.3d 224, 245-46 (3d Cir. 2008).

adverse action against her; and (3) that there was a causal connection between Dr. Richards's participation in the protected activity and the adverse employment action taken by Penn State.[15]

Dr. Richards argues that her letter alerting Penn State of her intention to file a formal grievance with the Office of Affirmative Action qualifies as a protected activity.[16] Although complaints to management can constitute protected activity,[17] such complaints must reference "a protected characteristic as the basis for the unfair treatment."[18] Here, Dr. Richards's letter only generally alleges that Penn State's actions were "discriminatory or harassing" without specifying whether Penn State discriminated against her because of a protected characteristic like her gender or age.[19] Accordingly, her "general complaint of unfair treatment does not translate into a charge of illegal … discrimination" and she cannot show that she

---

[15] *Moore v. City of Philadelphia,* 461 F.3d 331, 340–41 (3d Cir.2006) (citation omitted).

[16] Brief in Opposition (ECF No. 17) at 7-8.

[17] *See, e.g., Zelinski v. Pa. State Police,* 108 Fed. Appx. 700, 705 (3d Cir. 2004) ("Protected activities include formal charges of discrimination, as well as informal protests of discriminatory employment practices, including making complaints to management… It is necessary to analyze the message conveyed, rather than the medium of conveyance.") (internal quotation marks and citations omitted).

[18] *Kier v. F. Lackland & Sons, LLC*, 72 F. Supp. 3d 597, 616 (E.D. Pa. 2014).

[19] *Accord Smith v. N3 Oceanic, Inc.*, No. 16-730, 2016 WL 7231897, at *4 (E.D.Pa. Dec. 14, 2016) (explaining that plaintiff's complaint of "discrimination" on form was not protected activity because it is a general complaint of unfair treatment).

engaged in a protected activity under Title VII.[20] Because amendment would be futile, Dr. Richards's retaliation claim, Count IV, is dismissed with prejudice.

## III. CONCLUSION

For the reasons discussed above, Penn State's motion to dismiss Dr. Richards's Amended Complaint will be granted in part and denied in part. An appropriate order follows.

BY THE COURT:

*s/ Matthew W. Brann*
Matthew W. Brann
United States District Judge

---

[20] *Barber v. CSX Distrib. Servs.*, 68 F.3d 694, 702 (3d Cir. 1995); Exhibit C (ECF No. 10-1) at 3-4.